**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**JUL 19 2002**

Charles R. Fulbruge
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30068
Summary Calendar

_____

ROCHELLE MUSACCHIA, individually and on
behalf of the estate of Patrick Musacchia,

Plaintiff-Appellant,

versus

SANDERSON FARMS, INC., (PROCESSING DIVISION); ET AL.,

Defendants,

SANDERSON FARMS, INC., (PROCESSING DIVISION); RICHARD PITTMAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(00-CV-3632-J)

_____

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rochelle Musacchia appeals the FED. R. CIV. P. 12(b)(6) dismissal of her claims, under the "intentional act" exception to the Louisiana Workers' Compensation Act, LA. REV. STAT. § 23:1032(B), against: her deceased husband's employer, Sanderson Farms, Inc.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(Processing Division); his supervisor, Richard Pittman; and Sanderson's plant nurse, Malcolm Wagner. **AFFIRMED**.

                                    I.

The decedent was killed in an accident involving an ice auger at the Sanderson plant. Musacchia sued Sanderson, Wagner, and the auger's manufacturer in state court. Sanderson and Wagner removed and, shortly thereafter, moved to dismiss under Rule 12(b)(6), or, alternatively, for a more definite statement under Rule 12(e). While reviewing that motion, the district court noted, *sua sponte*, a possible lack of subject matter jurisdiction due to incomplete diversity of citizenship (Wagner), and ordered briefing. The same day that Musacchia responded, she filed an amended complaint, adding *another* non-diverse defendant — Pittman (supervisor).

The district court dismissed the claim against Wagner (nurse), holding that, because Musacchia could not, as a matter of law, maintain an action against him under the "intentional act" exception, he had been fraudulently joined. *See **Carriere v. Sears, Roebuck and Co.**, 893 F.2d 98, 100 (5th Cir.), *cert. denied*, 498 U.S. 817 (1990). The district court also granted the Rule 12(e) motion for a more definite statement regarding the newly-joined, non-diverse Pittman.

After Musacchia filed the statement, Sanderson and Pittman renewed their Rule 12(b)(6) motion, maintaining: Pittman was fraudulently joined and the claim against him should be dismissed;

therefore, complete diversity existed; and Musacchia had failed to state a claim against Sanderson. The district court granted the motion on 10 May 2001. Musacchia's motion to reconsider was denied on 19 June 2001.

Sanderson, Pittman, and Wagner then moved, under Rule 54(b), for entry of final judgment. The district court found no just reason for delay as to Pittman and Wagner, and directed entry of judgment in their favor on 18 July 2001. The court did not, however, enter judgment until 29 November 2001, at which time it entered judgment for Pittman and Wagner, *as well as* Sanderson and the auger's manufacturer.

## II.

As discussed *infra*, appeal was taken only as to Pittman and Sanderson. "[T]his circuit treats fraudulent joinder claims as capable of summary determination". *Carriere*, 893 F.2d at 100.

> If, having assumed all of the facts set forth by the plaintiff to be true and having resolved all uncertainties as to state substantive law against the defendants, the district court should find that there is no possibility of a valid cause of action being set forth against the in-state defendant(s), only then can it be said that there has been a "fraudulent joinder."

*B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 550 (5th Cir. Unit A 1980). We review *de novo* fraudulent joinder claims and Rule 12(b)(6) dismissals. *Burden v. General Dynamics Corp.*, 60 F.3d

3

213, 216 (5th Cir. 1995) (fraudulent joinder); *Abrams v. Baker Hughes, Inc.*, 292 F.3d 424, 430 (5th Cir. 2002) (Rule 12(b)(6)).

## A.

Defendants question our *appellate* jurisdiction for the claims against Pittman and Wagner. As noted, pursuant to Rule 54(b), the district court on 18 July 2001 directed entry of judgment in favor of Pittman and Wagner.

## 1.

Defendants maintain that, because Musacchia did not file her notice of appeal (NOA) until 24 December 2001 — well after the 30-day period provided for in FED. R. APP. P. 4(a)(1)(A) — we lack jurisdiction over Pittman and Wagner. The district court did not, however, *enter* judgment, on a separate document per Rule 58, until 29 November 2001.

## 2.

Defendants claim correctly that we lack jurisdiction over Wagner. As noted, unlike Sanderson and Pittman, he is not named in the NOA.

## B.

The Louisiana Workers' Compensation Act provides, for work-related injuries, the exclusive remedy against an employer or its employee engaged at the time of injury in the normal course and scope of his employment. *See* LA. REV. STAT. § 23:1032(A); *Reeves v. Structural Preservation Sys.*, 731 So. 2d 208, 210 (La. 1999). An

exception to that exclusive remedy lies where the injury results from an "intentional act". *See* LA. REV. STAT. § 23:1032(B); **Reeves**, 731 So. 2d at 210. "Intent" requires "that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result happening from his conduct; or (2) knows that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result". **Bazley v. Tortorich**, 397 So. 2d 475, 481 (La. 1981); **Reeves**, 731 So. 2d at 211.

Having conducted a *de novo* review, and assuming as true the facts presented by Musacchia, we agree with the district court that there is no possibility of a valid cause of action against Pittman. Restated, Musacchia cannot maintain an action against Pittman on the theory that he desired the physical result (Musacchia's death) or knew that the result was substantially certain to follow from his conduct.

We likewise agree with the district court that Musacchia has failed to allege facts sufficient to state a claim against Sanderson under the intentional act exception.

### III.

For the foregoing reasons, the judgment is

*AFFIRMED.*

5